AMERISURE INSURANCE COMPANY,
ET AL.,

       Plaintiffs,

v.                                     Case No.  8:18-cv-3042-T-24 SPF

FCCI INSURANCE COMPANY, ET AL.,

       Defendants.
_____/

## <u>ORDER</u>

This cause comes before the Court on two motions: (1) Defendant Arch Insurance Company's ("Arch") Motion to Dismiss or for a More Definite Statement (Doc. No. 28), which Plaintiffs oppose (Doc. No. 35); and (2) Defendants FCCI Insurance Company ("FCCI") and National Trust Insurance Company's ("National Trust") Motion to Dismiss or for a More Definite Statement (Doc. No. 27), which  Plaintiffs oppose (Doc. No. 34).  As explained below, both motions are denied.

## I.  Background

This case involves the determination of the priority of insurance coverage between Plaintiffs Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively referred to as "Amerisure") and Defendants FCCI and National Trust.  Amerisure alleges the following in its amended complaint (Doc. No. 23):   Amerisure is an insurance company that issued Commercial General Liability ("CGL") and umbrella insurance policies to Defendant The Auchter Company ("Auchter") that covered the period of January 1, 2006 through June 30, 2008.

Auchter was the general contractor on a building project, and Auchter subcontracted the window work to Defendant TSG Industries, Inc. ("TSG"). The subcontract agreement between Auchter and TSG allegedly required TSG to obtain CGL and excess liability coverage for the work to be done and to name Auchter as an additional insured. TSG obtained insurance from Defendant Landmark American Insurance Company ("Landmark") for the period of January 22, 2006 through November 1, 2007. Thereafter, TSG obtained CGL insurance from FCCI and an umbrella policy from National Trust, both running from November 1, 2007 through November 1, 2008.

The window work was not properly done, and excessive water damage occurred. The building owner sued Auchter and Defendant Arch (the surety for the project) in state court for the construction defects. The state court entered a final judgment against Auchter and Arch, awarding the owner $5,067,033.01 in damages related to the window work. Auchter and Arch filed a third-party complaint against TSG, and the state court awarded them $5,067,033.01 in damages against TSG.

After the state court judgments, Arch entered into a settlement agreement with the owner to pay off the damages award against Auchter and to extinguish Auchter's liability for the judgment. Thereafter, Amerisure filed two lawsuits to determine the priority of insurance coverage for the window work.

In the first lawsuit ("the Jacksonville Case"[1]), Amerisure sought a declaration that it did not owe an indemnity obligation for the state court judgment entered against Auchter and Arch for the window work. Amerisure also sought to determine the priority of insurance coverage for

---

[1]Case number 3:16-cv-407-BJD-JRK

water damage occurring between January 22, 2006 and November 1, 2007, as between Amerisure's policies issued to Auchter and Landmark's policies issued to TSG naming Auchter as an additional insured. The court in the Jacksonville Case determined that Landmark had the primary indemnity obligation for $1 million of the window work award, Amerisure's CGL insurance policy was excess to the Landmark policies, and Amerisure must pay the remaining damages award for the window work.

The second lawsuit (the instant case) was filed in order to determine the priority of insurance coverage for water damage occurring between November 1, 2007 and November 1, 2008, as between Amerisure's insurance policies issued to Auchter and FCCI and National Trust's insurance policies issued to TSG, which were supposed to name Auchter as an additional insured. In the instant case, Amerisure named the following parties as defendants in this case: FCCI, National Trust, TSG, Auchter, Arch, and Landmark. Amerisure asserts three claims for declaratory judgment, in which it seeks the following declarations: (1) that Auchter is an insured under FCCI and National Trust's insurance policies; (2) that National Trust's CGL policy affords primary coverage to Auchter; and (3) that FCCI's umbrella policy is primary to Amerisure's CGL and umbrella policies.

## II.  Arch's Motion

Arch moves the Court to dismiss this case or to order a more definite statement. Accordingly, the Court will analyze each claim for relief.

**A.  Motion to Dismiss**[2]

Arch moves for dismissal of this case, arguing that: (1) this Court lacks subject matter jurisdiction over this case, and (2) the amended complaint is an improper shotgun pleading.[3] Accordingly, the Court will address each argument.

**1.  Subject Matter Jurisdiction**

Arch moves for dismissal of this case, arguing that this Court lacks subject matter jurisdiction over this case.  Specifically, Arch argues that there is no present case or controversy to adjudicate, because there is no legal relationship between Amerisure on the one hand and FCCI and National Trust on the other.  As explained below, the Court rejects this argument.

The actual case or controversy requirement has been explained as follows:

> [I]n order for a federal court to have subject matter jurisdiction, there must be an actual case or controversy between the parties.  For a justiciable controversy to exist, a plaintiff must show that, at the time the complaint was filed, (1) the plaintiff had suffered some actual or threatened injury resulting from the defendant's conduct, (2) that the injury fairly can be traced to the challenged action, and (3) that the injury is likely to be redressed by favorable court disposition. . . . Under federal law, "[a] party has standing to bring an action under the Declaratory Judgment Act if an actual controversy exists, which is the same as an Article III case or controversy."  If an actual controversy exists, the court "may declare the rights and other legal relations of

---

[2]In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).

[3]Arch also argues that Amerisure does not have standing to pursue a subrogation claim at this time, because Amerisure has not yet made any payment for the window work award. Amerisure responds that it is not asserting a subrogation claim.

> any interested party seeking such declaration."  Addressing the parameters for pleading a federal declaratory judgment action, the Eleventh Circuit has stated that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of such immediacy and reality to warrant the issuance of a declaratory judgment."

Progressive Express Ins. Co. v. Overdrive Specialized, Inc., 2014 WL 11512202, at *2 (N.D. Fla. Dec. 24, 2014)(internal citations omitted).  Furthermore, "[t]he purpose of the Declaratory Judgment Act is to provide a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so."  St. Paul Fire & Marine Ins. Co. v. Luke Ready Air, LLC, 880 F. Supp.2d 1299, 1306 (S.D. Fla. 2012)(quotation marks and citation omitted).

"Courts have found the case or controversy requirement lacking when . . . there is no legal relationship between the parties."  Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489, 1491 (11th Cir. 1988).  This is the defect alleged to exist by Arch.  However, courts have recognized that a legal relationship exists between insurance companies seeking to determine the priority of insurance coverage as long as the insureds for the insurance policies are also joined in the lawsuit.  See id. (stating that the failure to name the insured left no case or controversy to base jurisdiction upon in order to determine which of two insurance policies afforded coverage); Zurich Am. Ins. Co. v. Southern-Owners Ins. Co., 248 F. Supp.3d 1268, 1281 (N.D. Fla. 2017)(stating that while courts have "case or controversy jurisdiction to consider claims between insurers and their insureds, absent some legal basis for an assertion of rights between two insurers, courts lack jurisdiction to adjudicate claims solely

between the insurers"); <u>Progressive Express</u>, 2014 WL 11512202, at *3 (quoting <u>Provident</u> <u>Life</u> and stating that "the Eleventh Circuit has stated that regardless of a lack of legal relationship between the insurers, 'a definite and substantial controversy' exists if the insured is also joined in the suit").

In <u>Provident Life</u>, one insurer brought a declaratory judgment claim against another insurer to determine which of the two insurers was liable for their shared insured's medical expenses. <u>See</u> <u>Provident Life</u>, 850 F.2d at 1489. On appeal, the appellate court found that the district court lacked jurisdiction to declare which insurer was liable, stating:

> [N]o legal relationship existed between the insurers. Had the insurers joined the insured in their action, a definite and substantial controversy would exist, as the declaratory judgment action would be to establish the rights and obligations between the insurers and the insured as evidenced in the insurance contract.

<u>Id.</u> at 1493.

In the instant case, Amerisure has joined the insurance companies and their insureds. As such, this Court finds that an actual case or controversy exists over which this Court has subject matter jurisdiction. Accordingly, the Court denies Arch's motion on this issue.

## 2. Shotgun Pleading

Next, Arch argues that this case should be dismissed, because the amended complaint is an improper shotgun pleading. The Court has reviewed the amended complaint and finds that it complies with Federal Rule of Civil Procedure 8(a)(2), as it contains a short and plain statement of Amerisure's claims showing that Amerisure is entitled to relief. Further, the amended complaint sufficiently gives all of the defendants fair notice of what claims Amerisure is asserting and the grounds upon which each claim rests. Accordingly, the Court denies Arch's

motion to dismiss on this issue.

### B.  Motion for More Definite Statement

Alternatively, Arch argues that it is entitled to a more definite statement.  Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  The Court has reviewed the amended complaint and finds that it is not vague or ambiguous, and as such, a more definite statement is not warranted.  Therefore, the Court denies Arch's motion for a more definite statement.

### III.  FCCI and National Trust's Motion

FCCI and National Trust move the Court to dismiss the amended complaint as an improper shotgun pleading or to order a more definite statement.  Their arguments mirror those made by Arch.  For the same reasons, the Court denies FCCI and National Trust's motion to dismiss or for a more definite statement.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Arch's Motion to Dismiss or for a More Definite Statement (Doc. No. 28) is **DENIED**.

(2)  FCCI and National Trust's Motion to Dismiss or for a More Definite Statement (Doc. No. 27) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of April, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record