UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERISURE INSURANCE
COMPANY and AMERISURE
MUTUAL INSURANCE COMPANY,

  Plaintiffs,
v.                   CASE NO. 8:18-cv-3042-T-24SPF

FCCI INSURANCE COMPANY, et al.,

  Defendants.
_____/

**ORDER**

  This cause is before the Court upon Defendants FCCI Insurance Company and National Trust Insurance Company's Motion to Compel Continued Deposition of Plaintiffs' Corporate Representative (Doc. 82). Plaintiffs filed a Response thereto (Doc. 92).

  Defendants seeks an order requiring Plaintiffs to produce all documents responsive to its *duces tecum*[1] request in its December 13, 2019 Notice (Doc. 82-1 at 6), other than those documents protected under this Court's November 6, 2019 Order (Doc. 64). Defendants further seek to continue the deposition of Plaintiffs' corporate representative on the same areas of inquiry and documents requested in its December 13, 2019 Notice and seeks an extension of the discovery deadline specifically related to that deposition and any motions that may arise from the continued deposition of Plaintiffs' corporate representative. *See* Doc. 82 at 5. Plaintiffs argue that all of the documents responsive to the *duces tecum* request had been

---

[1] The Court construed Defendants' *duces tecum* as a "request under Rule 34 to produce documents … at the deposition." Fed. R. Civ. P. 30(b)(2).

produced previously in this case and were in Defendants' possession prior to the deposition. *See* Doc. 92 at 3, 9.

Defendants' motion seems to stem from language in this Court's previous Order (Doc. 64) that Defendants have misconstrued as requiring Plaintiffs to produce documents at the deposition that Plaintiffs or other parties in this action had already produced to Defendants. *See* Doc. 82 at 6-7. While the Order did require Defendants to generally produce documents responsive to the *duces tecum* request, it did not require that Defendants re-produce previously produced documents at the deposition. Indeed, neither Rule 30(b)(2) nor Rule 34 requires a party to produce a document more than once. As such, the Motion to Compel is due to be denied. Concomitantly, there is no need for a continuation of the corporate representative deposition.

Accordingly, for the reasons discussed herein and in the Court's Order dated November 6, 2019 (Doc. 64), it is hereby **ORDERED**:

(1) Defendants FCCI Insurance Company and National Trust Insurance Company's Motion to Compel Continued Deposition of Plaintiffs' Corporate Representative (Doc. 82) is **DENIED**.

(2) Plaintiffs' request for costs (Doc. 92) is **DENIED**.

**ORDERED** in Tampa, Florida, this 6th day of March 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE